MCI TELECOMMUNICATIONS CORPORATION ET AL., APPELLANTS,
v. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.
466 N.W.2d 80

Filed March 1, 1991.    Nos. 89-903 through 89-905, 89-908 through 89-912.

John K. Boyer, Norman H. Wright, Amy S. Bones, and John M. Ryan, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellants.

Robert M. Spire, Attorney General, and L. Jay Bartel for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal under Neb. Rev. Stat. § 77-510 (Reissue 1990) from the order of the Nebraska State Board of Equalization and Assessment (Board) denying the request of MCI Telecommunications Corporation (MCI), a public service entity, for equalization of its centrally assessed property. Pursuant to this court's order of September 11, 1989, MCI and seven other public service entities (together, Taxpayers) filed "cases stated" in accordance with Neb. Ct. R. of Prac. 5L (rev. 1989), separately setting forth the rulings of the Board complained of by the Taxpayers and the exceptions and contentions of the parties with respect to those issues. Due to an identity of issues and counsel, we have consolidated the appeal of MCI (case No. 89-903) with those of Teleconnect Long Distance Services & Systems Company (case No. 89-904); U.S. Sprint Communications Company Limited Partnership (case No. 89-905); Northwestern Bell Telephone Company, doing business as US West Communications, a Subsidiary of US West, Inc. (case No. 89-908); United Telephone Company of the West (case No. 89-909); American Telephone and Telegraph Company - Interstate Division, and AT&T Communications of the Midwest (case No. 89-910); Southeast Nebraska Telephone Company (case No. 89-911); and Omaha Cellular Telephone Co. (case No. 89-912) for disposition.

The procedural facts are essentially the same as those set forth in *Natural Gas Pipeline Co. v. State Bd. of Equal., ante* p. 357, 466 N.W.2d 461 (1991). The Taxpayers are public service entities within the meaning of Neb. Rev. Stat. § 77-801.01 (Reissue 1990) and own, maintain, and operate telecommunications systems in Nebraska. The Taxpayers' property is centrally assessed for property tax purposes pursuant to Neb. Rev. Stat. §§ 77-801 et seq. (Reissue 1990).

On August 11, 1989, the Taxpayers appeared before the Board and asked that their property be equalized with that of other centrally assessed taxpayers, including railroads and carline companies. As in *Natural Gas Pipeline Co., supra*, the

Board, in its order of August 15, 1989, construed the Taxpayers' requests for equalization as applications for tax exemption and concluded that it had no statutory or constitutional authority to rule upon such claims.

The Taxpayers claim the Board wrongfully denied their requests for equalization because (1) the Board erred in finding that the State of Nebraska was preempted from taxing the personal property of car companies and railroad companies pursuant to a federal adjudication of § 306(1)(d) of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub. L. 94-210, 90 Stat. 31, 54, codified as amended at 49 U.S.C. § 11503(b)(4) (1988); (2) the Board erred in finding that as a result of such federal preemption, the personal property of car companies and railroad companies was not subject to tax and, therefore, could not be the basis for a claim of equalization; (3) the Board erred in finding that the claims of the centrally assessed taxpayers and locally assessed taxpayers were claims requesting to have their business personal property and/or real property exempted from taxation; and (4) the Board erred in holding that it did not have the authority to consider a claim for equalization of one class or subclass of property to a level of another class or subclass of property that is exempt or is not subject to tax, and in characterizing such a claim as a claim for exemption.

The Board contends that the enactment of L.B. 1 and L.B. 7 on November 21, 1989, renders this appeal moot.

The issues raised in this appeal are disposed of by *Natural Gas Pipeline Co., supra*. Therefore, the causes are remanded to the Board for further proceedings consistent with our opinion in *Natural Gas Pipeline Co.*

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.